IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN E. DALY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 09-319-E |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

ORDER

AND NOW, this 1st day of March, 2011, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

1

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff challenges the conclusions of the Administrative Law Judge ("ALJ") with regard to (1) Plaintiff's obesity at Step Three; (2) the need to elevate Plaintiff's feet; and (3) Plaintiff's sleep apnea. In addition, Plaintiff argues that new and material mental health evidence that he presented to the Appeals Council requires a remand.

In Diaz v. Commissioner, 577 F.3d 500, 504 (3d Cir. 2009), the Third Circuit held that an ALJ "must meaningfully consider the effect of a claimant's obesity, individually and in combination with [his] impairments, on [his] workplace function at step three and every subsequent step." The Court finds that the ALJ did consider Plaintiff's obesity, which the ALJ considered severe, both in determining whether he met a listing and in determining his residual functional capacity ("RFC"). The ALJ properly applied SSR 02-01p in concluding that Plaintiff's impairments did not satisfy a listing. R. 14-16. As the Third Circuit noted in Diaz, while the ALJ must provide a discussion of the evidence sufficient to allow judicial review, he need not use any particular "magic words." Diaz, 577 F.3d at 504. The Court is satisfied that the ALJ's discussion of the Plaintiffs's obesity, in context, satisfies the requirements of Diaz.

There is also no merit to Plaintiff's argument concerning his subjective testimony, which the ALJ found "not credible," including his statements about needing to elevate his feet. R. 17-19. In addition, the ALJ properly concluded that his RFC assessment was consistent with Dr. Gabreski's "beginning protocol" set forth in his letter of April 22, 2008. R. 18; 704.

Although Plaintiff argues that the ALJ improperly determined that his sleep apnea was not severe at Step Two, this is not really the issue. The Step Two determination as to whether Plaintiff is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ to have specifically found any additional alleged impairment to be severe. See Salles v. Commissioner of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's sleep apnea to be non-severe.

Finally, a sentence six remand is not appropriate with regard to the reports of Dr. Romero and Ms. Cyphert. R. 729-31; 735-741; see 42 U.S.C. § 405(g); Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Plaintiff cannot establish that this evidence was "material" or that there was "good cause" as to why it was not submitted during the administrative process. Szubak v. Sec'y of Health & Human Serv., 745 F.2d 831, 833 (3d Cir. 1984). Dr. Romero's evaluation, which occurred on July 9, 2008, is not material because it contains no opinion about the existence of any mental impairment during a period relevant here. R. 729-31. Ms. Cyphert, a licensed professional counselor, was not an acceptable medical source. 20 CFR §§ 404.1513(a); 416.913(a); SSR 06-03p. Furthermore, Plaintiff never alleged a mental impairment and, during his evaluation by Dr. Romero, denied any past psychiatric history, and nothing in Dr. Bush's

2

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and defendant's Motion for Summary Judgment (document No. 15) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

progress notes would support such an allegation. See, e.g., R. 343, 532, 537, 568.

Substantial evidence supports the ALJ's conclusions, and the decision of the Commissioner is affirmed.